UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STANLEY PRICE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-9741** |
| **THE HOUSING AUTHORITY OF NEW ORLEANS ET AL.** | **SECTION: "S" (5)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the motion for summary judgment of the Housing Authority of New Orleans, Justin Ormsby, Selarstein Mitchell, Donna Jones, and Kim Variste is **GRANTED**.  (Document #22.)

**IT IS FURTHER ORDERED** that Michael E. Toussaint's motion to dismiss for failure to state a claim upon which relief may be granted is **GRANTED**.  (Document #53.)

**IT IS FURTHER ORDERED** that Stanley Price's motion for sanctions is **DENIED**. (Document #30.)

### I. BACKGROUND

In order to place the present case in the proper context, the court reviews the facts in the previous case of <u>Desire Area Resident Council v. Hano</u>, No. 01-3156 c/w 01-3180 (E.D. La. 2004).  In 1994 and 1998, the Housing Authority of New Orleans's (HANO) was awarded a

HOPE VI revitalization grant and a demolition grant for the revitalization of the Desire Housing Development (Desire).  On September 17, 2001, residents of Desire filed a class action lawsuit raising issues related to the revitalization and demolition of Desire.

On December 9, 2003, the court granted conditional certification of the class in <u>Desire Area Resident Council v. Hano</u> for settlement purposes and defined the class as "all present and former residents of the Desire, who between 1995-2001 (1) were notified to relocate to offsite housing as a result of the Housing Authority of New Orleans's (HANO) implementation of a revitalization plan pursuant to Federal Hope VI Grant Guidelines, but did not relocate or (2) were relocated to offsite housing as a result of HANO's implementation of revitalization plan pursuant to Federal Hope VI Grant Guidelines."  The settlement of the lawsuit was reduced to a memorandum of understanding that provided class members with certain housing and economic benefits.

Stanley Price is the adult son of Ora Price, a resident of Desire.  Stanley Price formerly resided with his mother at Desire, but he was not a leasehold resident between 1995 and 2001, the period identified in the class action; and he no longer lived at Desire at the time of the class certification.  Stanley Price did not relocate to off-site housing because of HANO's implementation of the revitalization plan; he relocated for other reasons.  Although he was one of the original class representatives in the lawsuit, he "opted out" of the settlement and had no standing to object to its terms.

During the relocation process, Ora Price filed a request to add Stanley Price to her "family composition form," but the request was denied because only new spouses and newborn

2

babies could be added as family members at that time.  Stanley Price filed a complaint under the Fair Housing Act with the United States Department of Housing and Urban Development (HUD) on January 3, 2006, to address the issues of the removal of his name from his mother's lease, refusal to reinstate him as a member of the family composition, and the denial without a hearing of his right to participate in housing and economic and employment programs.

On June 8, 2006, HUD referred the matter to the Department of Justice of the State of Louisiana to conduct an investigation.  Compliance Officer Michael Toussaint was assigned to investigate the matter.  Toussaint determined on April 2, 2007, that there was "no reasonable cause to believe that a discriminatory housing practice has occurred" and closed the case.

Stanley Price filed a complaint in federal court, pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, alleging a deprivation of his property and liberty interests without due process and a violation of his rights under the Equal Protection Clause.  Price also alleges a violation of the Fair Housing Act, 42 U.S.C. § 3101 *et seq.*  The defendants are HANO; Justin Ormsby, the former administrative receiver of HANO; Selarstein Mitchell, the former director of the Section 8 program for HANO; Donna Jones, manager of HANO; Kim Variste, the interim general counsel for HANO; and Toussaint.[1]  Price alleges that HANO, Ormsby, Mitchell, and Jones discriminated against him based on sex, retaliated against him, and refused to provide privileges and rental services without a grievance hearing.  Specifically, he alleges that he was denied

---

[1] It is unclear whether Price sued the individual HANO defendants in their official or individual capacities; however, the determination is unnecessary for the resolution of this case.  A liberal construction of Price's *pro se* complaint leads to the conclusion that Toussaint is sued in his official capacity as a compliance office for the State of Louisiana.

benefits of the Hope VI program that eight female representatives in the class action obtained. Price contends that HANO allowed female representatives in the class action to retain housing and participate in the Section 3 business ownership program and other economic opportunities, Jones and Mitchell illegally removed him from the dwelling lease and refused to reinstate him, and Ormsby denied his request for a hearing.

Further, Price alleges that Toussaint had a duty to investigate the complaint filed on January 3, 2005, through HUD, namely that HANO removed Price from the dwelling lease of his mother, Ora Price, without written or verbal consent, refused to reinstate him as a member of the family, and refused to provide a grievance hearing to address the deprivation of his rights under the Hope VI Revitalization of Desire. Price alleges that Toussaint closed his case one week after receiving the complaint and failed to communicate with him regarding the status of his claim for over eight months. He alleges that Variste misrepresented that Stanley Price had not been a resident of Desire since 1996 and that he was a guest living with Ora Price, and that Toussaint relied on the misrepresentations in reaching a determination. Price alleges that Touissant acted "in collusion" with the HANO defendants.

Toussaint filed a motion to dismiss for failure to state a claim upon which relief can be granted, and the HANO defendants filed a motion for summary judgment. Price filed a motion for sanctions.

## II. DISCUSSION

### A. HANO defendants' motion for summary judgment

#### 1. Legal standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The nonmovant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

#### 2. Section 1983 claims

"To state a claim under § 1983, plaintiffs must allege two elements: first, that they were deprived of a right or interest secured by the Constitution and laws of the United States, and second that the deprivation occurred under color of state law." Doe v. Rains County Ind. School Dist., 66 F.3d 1402, 1406 (5th Cir. 1995). "The first inquiry in any § 1983 suit" is "to isolate the precise constitutional violation with which [the defendants] are charged." Baker v. McCollan,

99 S.Ct. 2689, 2692 (1979).  "Where an asserted interest is protected by a constitutional provision that operates only against the State, such as those of the Fourteenth Amendment, plaintiffs must also allege state action to satisfy the first step of alleging an actionable deprivation."  Doe v. Rains County Ind. School Dist., 66 F.3d at 1406.

### a.  Due Process Clause

Price contends that the HANO defendants deprived him of a property interest in housing and a liberty interest in the economic benefits bestowed by the Hope VI program, in violation of the Due Process Clause.  In § 1983 suits alleging a violation of the Due Process Clause of the Fourteenth Amendment . . . [p]laintiffs must (1) assert a protected `liberty or property' interest and (2) show that they were deprived of that interest under color of state law."  Id.

Price has not identified a liberty or property interest that is protected by the constitution.  Price was not a resident of Desire at the time of the class action and settlement agreement, he opted out of the class action, and he did not pursue a separate action to determine any rights under the Hope VI program.  Accordingly, there are no disputed issues of material fact, and the HANO defendants are entitled to judgment as a matter of law on the due process claim.

### b.  Equal Protection Clause

Price contends that the defendants denied him the privileges that they provided to female representatives of the class action.  "It is clearly established that a state violates the equal protection clause when it treats one set of persons differently from others who are similarly situated."  Yates v. Stalder, 217 F.3d 332, 334 (5th Cir. 2000).  The inquiry focuses on whether the plaintiff is similarly situated to another group for purposes of the challenged conduct.  Id.

"To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." Williams v. Bramer, 180 F.3d 699, 705 (5th Cir. 1999).

Price has not established that he is similarly situated to the female class representatives who received housing and other benefits as a result of their participation in the settlement of the class action. Further, he has not alleged facts to support a claim that he did not receive housing and benefits because of his gender. Accordingly, Price has not alleged a violation of the Equal Protection Clause, and the HANO defendant's motion for summary judgment on this issue is granted.

**3. Section 1985 and 1986 claims**

Price alleges claims of violations of his constitutional rights under §§ 1985 and 1986. Although Price does not specifically allege the subsection of § 1985 under which his claim is brought, § 1985(3) is the section which deals with depriving persons of rights or privileges.

Sections 1985(3) and 1986 are directed at conspiracies to interfere with civil rights. Bryan v. City of Madison, Miss., 213 F.3d 267, 276 (5th Cir. 2000). To state a claim under § 1985(3), Price "must allege that two or more persons conspired to directly, or indirectly, deprive him of the equal protection of the laws or equal privileges and immunities under the laws." Newsome v. E.E.O.C., 301 F.3d 227, 232 (5th Cir. 2002). Further, to state a § 1985(3) claim, Price "must allege that the conspirators were motived by his race." Id. "[A] valid § 1985 claim is a prerequisite to a § 1986 claim." Bryan v. City of Madison, 213 F.3d at 276.

Price complaint makes no allegation that the actions of the defendants were motivated by

any racial animus.  Accordingly, there is no genuine issue of material fact, and the HANO defendants are entitled to judgment as a matter of law on the § 1985 and § 1986 claims.

### 4. Fair Housing Act

The Fair Housing Act prohibits discrimination in housing based on race, color, religion, national origin, handicap, and sex.  Meadowbriar Home for Children, Inc. v. Gunn, 81 F.3d 521, 530 (5th Cir. 1996).  The Fair Housing Act provides that an aggrieved person may commence a civil action to obtain judicial review of the alleged discriminatory housing practice whether or not a complaint has been filed.  See 42 U.S.C. § 3613(a)(2).

As discussed above, Price has not alleged facts to establish that he was displaced by the revitalization and demolition plan or that he had any right to a housing benefit.  Accordingly, he has not alleged facts to support a claim for discrimination under the Fair Housing Act, and HANO's motion for summary judgment on this issue is granted.

### B. Toussaint's motion to dismiss

### 1. Legal standard

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted.  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n.14 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id. at 1965.

"First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests.  Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not the plaintiff pleads itself out of court." E.E.O.C. v. Concentra Health Services, Inc., 496 F.3d 773, 777 (7th Cir. 2007) (quoting Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n.14 (2007)).

### 2.  Eleventh Amendment immunity

Toussaint contends that Price's claims against Toussaint are barred by the Eleventh Amendment of the Constitution.  The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any
> suit in law of equity, commenced or prosecuted against one of the United States
> by Citizens of another State, or by Citizens or Subjects of any Foreign State."
> U.S. Const., amend. XI.

The United States Supreme Court has extended the applicability of the Eleventh Amendment to suits by citizens against their own states.  See Kimel v. Florida Bd. of Regents, 120 S.Ct. 631, 640 (2000).  "Congress may abrogate the States' constitutionally secured immunity from suit in federal court only by making its intention unmistakably clear in the language of the statute." Id. In the Fair Housing Act, Congress has not unequivocally granted a right for an individual to sue a state.  See Gregory v. South Carolina Dept. of Transp., 289 F.Supp.2d 721, 724 (D.S.C. 2003) (citing district court holdings in accord).  Moreover, the Eleventh Amendment immunity applicable to the State of Louisiana also applies to suits by private parties to recover money damages from "alter egos acting in their official capacities." Id. (citing Huang v. Bd. of

Governors of Univ. of North Carolina, 902 F.2d 1134, 1138 (4th Cir. 1990)); see Kentucky v. Graham, 105 S.Ct. 3099, 3105 (1985) (Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent.").

Because Price sued Toussaint in his official capacity as a compliance officer for the State of Louisiana, the suit is against the State of Louisiana. The State of Louisiana enjoys sovereign immunity for suit, and Price does not argue that Congress has abrogated that immunity by granting an individual the right to sue under the Fair Housing Act.

Moreover, to the extent that Price's complaint is liberally construed to allege a due process claim, Price does not allege that Toussaint had the authority to grant or deny housing to Price. HUD referred the matter to the Louisiana Department of Justice to conduct an investigation of the "Fair Housing Act" claim that Price filed with HUD, and Toussaint was assigned solely to conduct the investigation and prepare a report.

Accordingly, assuming that the allegations in the complaint against Toussaint are true, the factual allegations do not raise a right to relief on the claims against Toussaint. Toussaint's motion to dismiss for failure to state a claim is granted.[2]

**C. Price's motion for sanctions**

Price moves to impose Federal Rule of Civil Procedure 11(b) sanctions on HANO attorneys, Kim Variste and Laetitia Black, as a result of fraudulent conduct in investigating his complaint and filing a motion for summary judgment. Price has not established the criteria for sanctions under Rule 11(b), and the motion is denied.

---

[2] It is not necessary to address Toussaint's alternative grounds for dismissal.

**D.  Warning**

Price has filed several lawsuits in the Eastern District of Louisiana regarding his entitlement to benefits that flowed from the Desire settlement agreement.  The court warns Price that future filings regarding the same matter may result in sanctions, including dismissal, monetary penalties, and restrictions on his ability to file actions in this court without prior leave of the court.

New Orleans, Louisiana, this  29th  day of September, 2008.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE